UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Chapter 13 |
| : | |
| **Raymond R. Liebold; aka Raymond** : | |
| **Liebold; aka Raymond Robert Leibold;** : | |
| **aka Ray Liebold,** : | Case No. 5:24-bk-00842-MJC |
| : | |
| Debtor. : | |

# O R D E R

**AND NOW**, upon consideration of the Interim Application of Attorney for Chapter 13 Debtor for Compensation and Reimbursement of Expenses, filed on December 12, 2024, Doc. 42 ("Application") by Mr. Carlo Sabatini, Esquire as Counsel for the Debtor ("Applicant"), in which the Applicant requested interim allowance of compensation in the amount of $7,358.00[1] and the reimbursement of expenses in the amount of $529.20 for the period June 5, 2023 to November 11, 2024;

**AND**, the Court having held a hearing on the Application on January 23, 2025;

**AND**, based on Debtor's Schedules filed in this case, Debtor is unmarried, receives VA Disability and Railroad Retirement Benefits for a total net monthly income of $6,503.13, indicates monthly expenses of $5,234.90, leaving a monthly net income of $1,268.23. Doc. 1 (Schedules I and J). The total monthly payments provided under the Debtor's 36-month Seconded Amended Chapter 13 Plan is $23,493. Doc. 31. The Plan was confirmed by Order entered October 24, 2024. Doc. 36;

---

[1] The Application lists a staggering 49.1 hours, prior to any discounts, billed to this routine consumer Chapter 13 case thus far. There are approximately 35 total hours entered prior to the petition being filed. Mr. Sabatini's time alone totaled 12.6 hours billed at $415 per hour, which is one of the highest hourly rates in our District. As the Court noted in *In Re Badyrka*, 2022 WL 4656034, at *3 (Bankr. M.D. Pa. 2022) and other cases, given the high rates billed by Applicant, there should be less hours billed on routine cases and basic administration charges should be either non-billed or billed at secretarial rates.

**AND**, proofs of claim filed by creditors indicate a total of $209,921.83 of secured claims and $52,243.10 of unsecured claims;

**AND**, upon review of the case docket and the Applicant's submissions, the Court finds that this case is a standard Chapter 13 case in this District. The only additional work required was to address settlements to be received by the Debtor during the pendency of the case;[2]

**AND**, at the January 23, 2025 hearing the Court questioned Mr. Sabatini with regard to the issue of the undisclosed settlement requiring additional work as considered against the unusually large amount of time Mr. Sabatini routinely spends with clients prior to filing to avoid this problem. In response, Mr. Sabatini advised the Court that he did not ask "is there any other litigation. There's only so many questions we can ask. We rely on questionnaires-which ask those things." Audio of January 23, 2025 hearing, 11:24 A.M.;[3]

**AND**, a reduction in the amount of allowed compensation is necessary due to charges for services that are non-billable administrative tasks, paralegal or secretarial duties that should have been billed at non-attorney rates, and for excessive time billed for certain tasks;

**AND**, as Applicant knows from prior hearings for requests for compensation, the burden of proof rests on the applicant to establish that the fees earned are reasonable and necessary. *Zolfo,*

---

[2] During the January 23, 2025 hearing Mr. Sabatini rested on his brief in *Decantis*, Case No. 5:22-bk-01826-MJC. He also stated that "there is no one major extremely complex issue that accounts for a large dollar amount. There have been a number of small things, that each required a moderate amount of time." Audio of January 23, 2025 Hearing, 11:22 A.M. In *DeCantis* Mr. Sabatini and the Chapter 13 Trustee had agreed to an approximately thirty (30) percent reduction in fees. This Court found that Applicant did not meet his burden to show that his fees were reasonable and necessary and Ordered an additional ten (10) percent reduction. Mr. Sabatini has appealed the Order in *DeCantis* to the District Court.

[3] Despite Applicant's assertions at the January 23, 2025 hearing that post-petition activity on the file was driving higher fees in this case, the Applicant's billing invoice proves out otherwise. Per the invoice attached to the Application, Doc. 42-2, prior to discounts, 35.3 hours were expended by Applicant and his staff prior to the filing of the bankruptcy petition. This unusually high number of hours is primarily "data collection" efforts and preparing the Debtor's Schedules. This billing represents approximately 72% of the total hours billed. The standard for these services in a routine Chapter 13 case is less than ten (10) hours and should be done primarily by staff at much lower billing rates.

*Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 261 (3d Cir. 1995) (citing *In re Metro Transp. Co.*, 107 B.R. 50, 53 (E.D. Pa. 1989)); *In re Pochron*, 2022 WL 1085459, at *2 (Bankr. S.D. Ohio 2022); *In re Murray*, 2007 WL 2317523, at *2 (Bankr. E.D. Pa. 2007). "This burden is not to be taken lightly, especially given that every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors or use by [the] debtor." *In re Pettibone Corp.*, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987) (citing *In re Hotel Associates, Inc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981));[4]

**AND**, these findings are based on and incorporate the Court's legal analysis in *In re Badyrka*, 2022 WL 4656034 (Bankr. M.D. Pa. 2022), *In re Thomas*, 2023 WL 6885827 (Bankr. M.D. Pa. 2023), *In re Beckhorn*, Case No. 5:21-0849-MJC (Bankr. M.D. Pa. November 17, 2022), *In re Grove*, Case No. 5:20-0698-MJC (Bankr. M.D. Pa. March 31, 2023), and *In Re Decantis*, Case No. 5:22-01826-MJC (Bankr. M.D. Pa. September 30, 2025);

**AND**, this District having set a Presumptively Reasonable Fee ("PRF") for routine Chapter 13 cases of $4,500, L.B.R. 2016-2 (c), which Courts have used as a "starting point" to what should be considered a "reasonable" fee in a routine Chapter 13 case. *See In re Schuman*, 2013 WL 1195279, at *6-7 (Bankr. N.D.N.Y. 2013) (describing presumptive fee as "pre-calculated lodestar" and utilizing it as a starting point for review of lodestar fee applications); *In Re Johannes*, 2026 WL 159197 (Bankr. M.D. Pa. 2026);[5]

**AND**, the Court finding that it is not required to make a line by line analysis of the fee application, *see In re 388 Route 22 Readington Holdings LLC*, 2023 WL 4249266, at *3 (3d Cir.

---

[4] In *DeCantis*, Applicant indicated "I'm not carrying my burden of showing where the time is being spent preparing the schedules" and "I recognize that I'm not meeting my burden …" *DeCantis*, Doc. 62, 9-10, 20 Tr. at 9, 20. When given additional post-hearing time, Applicant indicated that he was "unable to determine precisely what aspect of schedule preparation or plan review was being conducted on those dates." *DeCantis*, Doc. 61, at ¶44

[5] The PRF in this District was increased to $5,000 effective for cases filed on or after October 1, 2024.

3

2023); *Badyrka*, 2022 WL 4656034, at *9; *In re McKeeman v. Laughlin,* 236 B.R. 667, 672 (B.A.P. 8th Cir. 1999) ("When ... a case presents routine chapter 13 matters, the court may review the fees requested in light of fees typically charged, and may reduce the requested fee accordingly. It is not necessary for the court to find that the time spent on any given task was excessive before reducing the award.");

**AND,** the Court finds that Applicant has failed to meet his burden of demonstrating that the requested fees are reasonable and necessary under 11 U.S.C. §330(a). Accordingly, the Court, finds that the Applicant's fees are excessive for this routine Chapter 13 case and shall apply a twenty percent (20%) reduction to the Application, *see In re Kern*, 2021 WL 3518806, at *5 (Bankr. D. N.J. 2021) ("If a court determines some of the time claimed by a party should be excluded, it may also use a percentage deduction as a practical means of trimming fat from a fee application." (*quoting In re Nicholas*, 496 B.R. 69, 76 (Bankr. E.D.N.Y. 2011)));[6]

It is hereby **ORDERED** that:

1. The Application is **GRANTED** in part and **DENIED** in part as set forth below.
2. Compensation for professional services on the Application is **ALLOWED** in favor of the Applicant in the amount of **$5,886.40**.[7]
3. Reimbursement of expenses is **ALLOWED** in favor of the Applicant in the amount of **$529.20.**

---

[6] This finding is based upon my thirty-five (35) years of experience as a consumer bankruptcy practitioner, bankruptcy trustee, and now Judge. As Judge, I have been tasked with reviewing hundreds of fee applications, and most are approved without comment or objection. This Court reviews in detail only applications that are so far in excess of the District's PRF or have no apparent basis for the exorbitant fees charged. Here, there were no unusual circumstances, no hearings or issues that required court appearance and the Plan was confirmed after resolving "usual" disputes with the Chapter 13 Trustee.

[7] This reduction still provides Applicant with a fee in excess of the PRF and what most other practitioners in this District charge in a routine consumer Chapter 13 case.

4. To the extent the Applicant wishes to move for reconsideration of this Order, the Applicant may do so and the Court may hold a hearing, if requested.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: March 2, 2026